## AMERICAN & FOREIGN INS. CO. OF NEW YORK v. BACON et al.

### No. 14815.

Court of Appeal of Louisiana. Orleans.

Oct. 29, 1934.

Rehearing Denied Nov. 14, 1934.

Daly & Hamlin, of New Orleans, for appellants.

Lemle, Moreno & Lemle, of New Orleans, for appellee.

LECHE, Judge ad hoc.

The American & Foreign Insurance Company of New York brought this suit against Andrew M. Bacon, James M. Bacon, and Rose M. Bacon in solido for the sum of $406.11, alleging that said sum represented premiums on policies of insurance collected by defendants as agents of plaintiff insurance company and never remitted by them to the company. Defendants do not dispute the amount sued for, but allege that they are not responsible, for the reason that the corporation, Bacon & Bacon, Inc., was the agent of plaintiff and not themselves individually, and that as stockholders and officers they cannot be held liable for the debts of the corporation.

Judgment was rendered in favor of plaintiff, and from this judgment defendants have appealed.

The question here involved is not whether defendants as stockholders and officers are responsible for the debts of the corporation, but whether defendants as individuals or Bacon & Bacon, Inc., were appointed and acted as agents of the plaintiff insurance company. There is no doubt of the corporate existence of Bacon & Bacon, Inc., and that defendants were the sole stockholders and officers. In alleging that Bacon & Bacon, Inc., was the agent of plaintiff, defendants assumed the burden of proving that fact, and must show affirmatively by a preponderance of evidence that such was the case.

On December 19, 1929, plaintiff wrote the following letter:

"December 19, 1929.

"Messrs. Bacon & Bacon, Inc., Agents, 904 Maritime Building, New Orleans, Louisiana.

"Dear Sirs: It is with much pleasure that we confirm Mr. Farrell's appointment of your Agency to represent the 'American and Foreign' at New Orleans.

"We feel sure that our facilities will prove valuable to your office, and from this end

we shall use all possible means to be of service to your Agency.

"The Commission of Authority and supplies which you have ordered will be forwarded to you promptly.

"With best wishes for a long and profitable connection between your office and our own, we are,

"Yours very truly,
"[Signed]  R. L. Cliett,
"Assistant Manager."

The certificate of authority referred to in the above letter reads as follows:

"Commission of Authority
"American and Foreign Insurance Company
of New York
"Southern Department
"Atlanta, Georgia

"Know all Men by these Presents that the American and Foreign Insurance Company has appointed and by these presents does appoint Andrew M. Bacon, James M. Bacon and Rose M. Bacon, doing business as Bacon and Bacon, Incorporated, of New Orleans in the State of Louisiana to act as Agent at New Orleans and vicinity during the pleasure of this Company, with the authority to receive proposals for Insurance against loss or damage, to countersign policies, to cancel policies, to consent in writing to assignments and transfers thereof and endorsements thereon, to collect and receive for transmission to the Company premiums on policies written by them and to transact such further business pertaining to said Agency as, from time to time, may be required by the Company, subject, however, to such rules and regulations of the Company as are now or may be in force.

"In Witness Whereof the American and Foreign Insurance Company has caused this Commission of Authority to be signed in the City of Atlanta, Georgia, this 17th day of December, 1929.

"[Signed]  A. L. Slaughter,
"Assistant Manager."

Mr. Andrew M. Bacon, sole witness for defendants, testified that the above letter and certificate of authority were received about three weeks after the appointment, and that during this period they conducted business as agents for plaintiff. Plaintiff printed and furnished to defendants letterheads bearing plaintiff's name and in the upper left corner "Bacon & Bacon, Inc., Resident Agents." Subsequent correspondence was introduced in evidence showing that plaintiff addressed defendants as "Messrs. Bacon & Bacon, Inc., Agents."

Whatever may have been the effect of and the relationship between the parties under "Mr. Farrell's appointment of your agency to represent 'American and Foreign' at New Orleans," as shown by the letter of December 19, 1929, above quoted, all prior understandings were merged in the agreement under the issuance and acceptance of the certificate of authority.

Article 2989 of the Revised Civil Code reads:

"*Power of Attorney—Method of Accepting.* —A power of attorney may be accepted expressly in the act itself, or by a posterior act.

"It may also be accepted tacitly; and this tacit acceptance is inferred, either from the mandatary acting under it, or from his keeping silence when the act containing his appointment is transmitted to him."

Defendants received and acted under the commission of authority, and its terms constituted the contract between the parties. The question then arises whether, under the terms of the contract, Bacon & Bacon, Inc., or defendants individually, were the agents of plaintiff. The document reads "Andrew M. Bacon, James M. Bacon and Rose M. Bacon, doing business as Bacon and Bacon, Incorporated." This language clearly shows the intent to appoint the individuals and not the corporation, as use of the term Bacon & Bacon, Inc., would have been sufficient to designate the corporation. This interpretation is further confirmed by use of the pronoun "them," as, if the intent had been to appoint the corporation, the pronoun "it" would have been used.

Defendants urge that the printed letterheads furnished them by plaintiff and bearing the inscription "Bacon & Bacon, Inc., Resident Agents," show that the corporation was considered as the agent of the company. These letterheads were printed by the company and furnished defendants on their order as shown by the letter of December 19, 1929, the third paragraph of which reads: "The Commission of Authority and supplies which you have ordered will be forwarded to you promptly."

It was immaterial to plaintiff under what name defendants chose to do business. It was, however, very material to plaintiff to whom they should look as the responsible parties in the transacting of their affairs.

The salutation "Messrs. Bacon & Bacon, Inc., Agents," is not conclusive that plaintiff regarded the corporation as its agent. The term "Messrs." is properly applied to individuals and not to corporations, and the term

"agents," being plural, implies more than one, whereas a corporation is an entity and invariably singular.

The only authority for the collection and transmission of the premiums in question is that portion of the certificate of authority reading as follows: "To collect and receive for transmission to the company premiums on policies written by them." Acting under this authority, defendants are clearly liable for the premiums which they collected and failed to transmit to the company.

The judgment appealed from is affirmed. Affirmed.